# McCLENDON and DAVIS v METROPOLITAN MORTGAGE COMPANY, INC.

## Case No. 86-12890 CA 24

Eleventh Judicial Circuit, Dade County

December 18, 1989

### APPEARANCES OF COUNSEL

**Carolina A. Lombardi,** Charles M. Baird and Peter H. Barber, Legal Services of Greater Miami, Inc., for plaintiffs.

**Gregg Spieler,** for defendant.

### OPINION OF THE COURT

EDWARD S. KLEIN, Circuit Judge.

*JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS*

THIS CAUSE is before the court on plaintiffs' motion for attorneys'

fees and costs and supplements thereto and the court, having held an evidentiary hearing on December 11, 1989 and being otherwise fully advised in the premises, hereby enters its findings of fact and conclusions of law as follows:

1. This action was brought by customers of defendant Metropolitan Mortage Company ("Metropolitan") seeking relief which included the voiding of mortgages held by defendant on their respective homes, as well as a declaration that the practices under challenge were unfair and deceptive under the Florida Deceptive and Unfair Trade Practices Act ("Act"), Chapter 501, Part II, Fla. Stat., and were unconscionable. Plaintiffs' counsel is Legal Services of Greater Miami, Inc.

2. The case was tried before the court and the court entered a final judgment on May 20th, 1988, 1) declaring the defendant's practices to be violative of the Act as being both unfair and deceptive and declaring the practices to be unconscionable, 2) declaring the loan employment agreement, the note and the mortgage with regard to both McClendon and Davis to be null and void and unenforceable, and 3) reserving jurisdiction to entertain a motion for attorney's fees and costs by plaintiffs.

3. Metropolitan appealed the final judgment. After full briefing and oral argument Metropolitan voluntarily dismissed the appeal. The Third District Court of Appeal entered an order holding that plaintiffs are entitled to an award of attorneys' fees for the time spent on the appeal.

4. Plaintiffs, as prevailing parties under the Act, are entitled to court awarded fees. Section 501.2105(1), Fla. Stat.

5. Plaintiffs' attorneys, Carolina A. Lombardi, Pete H. Barber, and Charles M. Baird of Legal Services of Greater Miami, Inc. reasonably spent a total of 200.00 hours in prosecuting this case at trial and appellate levels.

6. Plaintiffs' counsel is entitled to compensation at the prevailing market rates in the Miami area. *Blum v Stenson,* 465 U.S. 886 (1984). The rate requested of $150.00 per hour is at the low end of the market range for such services and is therefore reasonable.

7. The lodestar amount of ees is therefore $30,000.00 (200 hours × $150.00 per hour). *See Florida Patient's Compensation Fund v Rowe,* 472 So.2d 1145 (Fla. 1985).

8. Plaintiffs' counsel took the case on a contingency basis as they agreed that plaintiffs would not pay for counsel's services but that

counsel would be compensated by way of a court awarded fee if plaintiffs prevailed. Therefore a contingency risk factor adjustment of the lodestar is appropriate.

9. Under *Rowe* courts will apply an appropriate contingency multiplier of 1.5 (if success was more likely than not at the outset) or 2.0 (if the likelihood of success was approximately even at the outset) or 2.5 or 3.0 (if success was unlikely at the time the case was initiated).

10. In the present case the court finds that success was unlikely at the time was case was initiated and therefore the court will apply a multiplier of 2.5. The total fee awarded is therefore $75,000.00.

11. Costs are awarded to plaintiffs in the amount of $3,216.00.

12. Accordingly, for the sum of $78,216.00 let execution issue, together with interest at the legal rate from and after the date of this judgment and until paid.

ENTERED at Miami, Dade County, Florida this 18th day of December, 1989.